# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM D., | : | Case No. 2:20-cv-5855 |
| Plaintiff, | : | Chief Judge Algenon L. Marbley |
| v. | : | Magistrate Judge Deavers |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendation (ECF No. 22). The Magistrate Judge recommended that the Court overrule Plaintiff's Statement of Errors (ECF No. 14) and affirm the Commissioner's denial of benefits. Upon *de novo* review by the Court, and for the reasons set forth below, this Court hereby **ADOPTS** the Report and Recommendation in its entirety, and the Commissioner's determination is **AFFIRMED**.

## I. BACKGROUND

On November 20, 2017, Plaintiff filed an application for supplemental security income (SSI) pursuant to Title XVI, asserting a disability date of September 20, 2017. (ECF No. 11 at 14). After Plaintiff's claim was initially denied on June 27, 2018, he amended the onset date of his disability to June 30, 2018. (*Id.*). His claim was denied again upon reconsideration on October 16, 2018. (*Id.*). Following a December 17, 2019 hearing, the Administrative Law Judge once again denied Plaintiff's claim for Social Security benefits, finding Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act. (*Id.* at 30).

1

Almost nine months after the ALJ's decision, the Social Security Administration denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision on September 13, 2020. (*Id.* at 5-7). Plaintiff timely filed an action for review. (ECF No. 4). The relevant facts concerning the Plaintiff's medical records, as well as the ALJ's opinion, are set forth in the Magistrate Judge's Report and Recommendation. (ECF No. 22). There being no objections to that recitation of facts, it is adopted herein. Furthermore, the Magistrate Judge recommended this court overrule the Plaintiff's Statement of Errors and affirm the Commissioner of Social Security's decision. (*Id.*). On February 3, 2022, Plaintiff filed his Objection to the Report and Recommendation. (ECF No. 23). This matter is now ripe for review.

## II.   STANDARD OF REVIEW

Upon objection to a Magistrate Judge's Report and Recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings of recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b). This *de novo* review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). The Court should defer to the Commissioner's opinion unless the Commissioner "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment

2

as a matter of law if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III. LAW AND ANALYSIS

Plaintiff asserts only one objection to the Report and Recommendation: that "the ALJ did not properly explain why Dr. Paulus' opinion—which the ALJ found to be persuasive—is inconsistent with his exam findings or unsupported by substantial evidence." (ECF No. 23 at 4). Plaintiff also argues that this error was harmful because it resulted in the "fail[ure] to carry the Step Five burden." (*Id.*). As explained more fully below, this Court finds that the ALJ's decision is supported by substantial evidence (*i.e.*, not erroneous), so it need not analyze whether the alleged error is harmful. (*Id.* at 5).

According to Plaintiff, when the ALJ characterized Dr. Paulus' opinion as persuasive, the ALJ was required to either: (i) "incorporate Dr. Paulus' findings into his RFC [residual functional capacity assessment]"; or (ii) "explain why the limitations by Dr Paulus were not adopted." (*Id.* at 3). Even under the test articulated by Plaintiff, the ALJ overcomes Plaintiff's objection. As highlighted by the Magistrate Judge, the ALJ devoted significant portions of his decision explaining why the RFC assessment diverged from Dr. Paulus':

> With regard to concentrating, persisting or maintaining pace, [Plaintiff] has a moderate limitation. [Plaintiff] has endorsed problems with concentration, multitasking, and short-term memory. He has also claimed he was easily distracted and could not follow instructions for long because he lost his concentration and stated his ability to follow spoken instructions was even worse. Nevertheless, he prepared his own meals, did laundry, and cleaned. Moreover, he was able to concentrate long enough to enjoy reading and watching television, football, or a movie. He also went fishing. [Plaintiff's] immediate recall skills were below average, with six digits forward and four digits in reverse, but he was able to recall two of three words presented earlier for a delayed recall test during his June 5, 2018 psychological evaluation. **Although consultative psychologist Dr. Paulus found [Plaintiff's] concentration and**

3

> **persistence on task were good, and pace of task was average at his June 5, 2018 psychological consultative examination, he opined he had limited ability to concentrate and complete tasks or work at a reasonable pace.**
>
> \*\*\*
>
> Turning to [Plaintiff's] mental [RFC], the State Agency reviewing psychological consultants reviewed the record at the initial and reconsideration levels and found he does not have greater than moderate limitation in any of those four functional domains set forth above in Finding 3. Moreover, **they found [Plaintiff] retained the capacity to complete simple tasks up to 4 steps;** would need a static work environment with short cycle tasks and less strict production quotas, pace, and guidelines; would need superficial interactions with others; and would need a predictable change in the work environment. The State Agency reviewing psychological consultants are well-qualified by reason of training and experience in reviewing an objective record and formulating an opinion as to mental limitations. They possess specific "understanding of our disability programs and their evidentiary requirements". **The undersigned finds these prior administrative medical findings persuasive as they are generally consistent with and well supported by the evidence of the record as a whole, including a review of the B and C criteria of Listings 12.04, 12.06, and 12.15, and are generally accepted as accurate representations of [Plaintiff's] mental status since June 30, 2018, [Plaintiff's] amended alleged onset date.** The evidence received into the record after the reconsideration determination concerning his status did not provide any credible or objectively supported new and material information that would alter the State Agency's findings concerning his mental limitations. **While the undersigned finds such limitations generally consistent with the above residual functional capacity, and the overall records, the undersigned has reframed [Plaintiff's] mental functional capacity above in order to use vocationally relevant terminology that the State Agency reviewing psychological consultants did not use in their opinions.**

(ECF No. 22 at 11–12) (citing R. at 23) (internal citations omitted; emphasis added). As demonstrated above, the ALJ expressly noted Dr. Paulus' findings (in the first excerpt above), considered them (in both excerpts), and then drew a different conclusion based on the remainder

4

of the record (in the second excerpt). Importantly, the ALJ's decision expressly acknowledges that "[w]ith regard to concentrating, persisting or maintaining pace, [Plaintiff] has a moderate limitation." (R. at 23.). Accordingly, this was not a wholesale rejection of Dr. Paulus' opinion; instead, the ALJ adopted a modified limitation for Plaintiff informed by the entire record. Thus, despite Plaintiff's insistence otherwise, this cannot be considered a lack of explanation.

Furthermore, the authority and argument advanced by Plaintiff does not disturb this conclusion. For example, Plaintiff cites *Reed v. Commissioner of Social Security* to support the argument that an ALJ must explain his decision to not adopt portions of an opinion, pointing out the court's reversal when the ALJ failed to do so. (ECF No. 23 at 3) (citing *Reed v. Comm'r of Soc. Sec.*, No. 1:16-CV-572, 2017 WL 1531872, at *6 (W.D. Mich. Apr. 28, 2017)). The facts of the case sub judice, however, are distinguishable. In *Reed*, the court stated, "on this record, the Court is unable to trace the path of the ALJ's reasoning. Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g)." *Reed*, 2017 WL 1531872, at *6. Here, however, this Court *is* able to trace and understand the ALJ's reasoning for not adopting verbatim Dr. Paulus' opinion that Plaintiff can perform only one task at a time. As evidenced by the record, the ALJ evaluates Dr. Paulus' opinion throughout his decision. (*See* ECF No. 11 at 20–21, 27–28). Moreover, the administrative record reflects that "consulting psychologist Dr. Paulus failed to appreciate any confusion or lack of awareness by the claimant." (*Id.* at 27). The ALJ further explains, "the record is replete with documentation that his memory, mentation, attention, orientation, and cognition were normal and intact." (*Id.*). Accordingly, this line of attack fails.

Additionally, Plaintiff offers another basis for his "lack of explanation" argument: the portion of Dr. Paulus' opinion criticized by the ALJ as internally inconsistent is, in fact, consistent.

5

(ECF No. 23 at 1). Plaintiff seizes on the ALJ's decision where it acknowledges Dr. Paulus' conclusion—the one-step limitation, but then characterizes his opinion as internally inconsistent. (*Id.*). According to Plaintiff, this explanation is faulty because Dr. Paulus' opinion that "Plaintiff's concentration and persistence on **task** were good" and his one-step limitation are consistent conclusions. Plaintiff appears to be arguing that because Dr. Paulus deliberately used the singular form of the word task, his subsequent conclusion that Plaintiff can only perform a single-step task cannot be inconsistent.

Even assuming that the ALJ overlooked the fact that the word task is singular, it is entirely possible that the ALJ was commenting on different aspects of Dr. Paulus' remark—like the Plaintiff's ability to concentrate and persist. (*See* ECF No. 11 at 23). Although Plaintiff has chosen to fixate on the absence of one letter, this aspect of the decision does not disturb its validity. For one, "a reasonable mind might accept [the above reasoning] as adequate to support a conclusion." *See Ealy*, 594 F.3d at 512. For another, the ALJ, in light of the record as a whole, determined that the opinions of other professionals in the record better reflected the Plaintiff's residual functional capacity: namely, his ability to complete tasks and work with others. (*See id.*).

Although it is true that Social Security regulations require the Administration to evaluate every medical opinion it receives in the claimant's case record, *see* 20 CFR § 416.927(c), an ALJ is permitted to "give less weight to [a] consultative examiner's opinion." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 467 (6th Cir. 2017). Additionally, the ALJ does not have a duty to adopt medical opinions verbatim. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 156–57 (6th Cir. 2009) ("[T]he ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for her [sic] rejection.") Just as a judge is a trier of fact in a bench trial, an Administrative Law Judge serves a similar role. The ALJ must look at the record as a whole, determine the credibility

6

and weight of each source, including the Plaintiff's own testimony, and compile the record into a short statement of how the Plaintiff is best able to function in any job (Plaintiff's RFC). *See Borgan v. Comm'r of Soc. Sec.*, No. 2:20-cv-6166, 2022 WL 109346, at *6 (S.D. Ohio Jan. 12, 2022) ("Indeed, 'an RFC determination is a legal decision rather than a medical one, and the development of a claimant's RFC is solely within the province of an ALJ.'").

Executing this function, the ALJ considered Dr. Paulus' examination of Plaintiff. For example, the ALJ analyzed Dr. Paulus' opinion that Plaintiff had limited concentration ability and struggled to complete tasks. (*See* ECF No. 11 at 21). Additionally, the ALJ considered Dr. Paulus's opinion regarding Plaintiff's ability to maintain social interaction being limited, but upon examining the remaining evidence in the record, found the evidence to be more probative of stronger social interaction skills than what Dr. Paulus observed. (*See id.*).

Plaintiff also attempts to attack the ALJ's decision via the first prong of his two-prong test: insisting that "where an ALJ has already found a physician's opinions to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinions from the RFC." (ECF No. 23 at 4) (citing *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014)). First, by the plain language of *Hann*, an affirmative finding of credibility does not compel the wholesale adoption of that physician's opinion. *See Hann*, 2014 WL 1382063, at *22. Additionally, Plaintiff fails to explain the import of the case being cited by *Hann*. The *Gentry* decision being described in *Hann* was reversed not because the ALJ disagreed with the physician, but instead because the ALJ thought his proposed limitations accurately reflected the limitations advanced by the physician. *Id.* (Indeed, that is the thrust of the word "concrete" in the quoted language from *Hann* above). The *Gentry* Court disagreed. *Id.* (explaining *Gentry v. Colvin*, L12-CV-01825-SKO, 2013 WL 6185170 (E.D. Cal. Nov. 26, 2013) ("[T]his opinion was concrete,

7

not requiring 'translation'—the ALJ should have included it as a limitation in her RFC."). This authority does not advance Plaintiff's argument that the ALJ committed error.

Taken together, Dr. Paulus' opinion that Plaintiff could perform only one-step instructions was not ignored, but adequately considered. The ALJ thoroughly explained that the State Agency, skilled and trained in the relevant subject matter, found that Plaintiff could complete simple tasks with up to four steps. Although this is inconsistent with Dr. Paulus' opinion, the ALJ explained that the record must be evaluated as a whole, considering all of the Plaintiff's medical records, testimony, and documentation. (*See* ECF No. 11 at 26-28). Furthermore, that the ALJ reached a different conclusion than Dr. Paulus is not sufficient to conclude he did not properly review Plaintiff's claim. *See Nash v. Comm'r of Soc. Sec.*, No. 19-6321, 2020 WL 6882255, at *4 (6th Cir. Aug. 10, 2020) ("Even if the record could support an opposite conclusion, we defer to the ALJ's finding because it is supported by substantial evidence, based on the record as a whole.")

Despite Plaintiff's objections, the ALJ fairly evaluated the opinion of Dr. Paulus, partially incorporated this in his RFC assessment, and adequately explained his decisions to deviate from Dr. Paulus' opinion when examining the record as a whole. Accordingly, this Court will defer to the Commissioner's decision because, as demonstrated therein, it was supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 23) are **OVERRULED**. The Report and Recommendation (ECF No. 22), and the Commissioner's determination are both **AFFIRMED**. This case is hereby **DISMISSED**.

IT IS SO ORDERED.

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

DATED: March 25, 2022